FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 27 2004

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVEN LARON McARTHUR
ADC #95870                                                                PLAINTIFF

V.                              NO. 5:04CV00267 JMM/JWC

KIM LUCKETT, et al                                                       DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On July 16, 2004, Plaintiff, a pro se inmate currently confined to the Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2), a separate but incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1),[1] and a motion for appointment of counsel (docket entry #3). Because Plaintiff failed to submit an in forma pauperis application that has been completed and signed by himself and an authorized official of the Maximum Security Unit, Plaintiff's in forma pauperis status was denied.

So that the Court could determine how the $150 filing fee would be paid, by order entered July 29, 2004 (docket entry #4), Plaintiff was directed to complete and sign a new in forma pauperis application. At Plaintiff's request, an authorized official of the Maximum Security Unit was directed to complete and sign the certificate portion of Plaintiff's application, along with the required calculation sheet. Plaintiff was directed to file the completed in forma pauperis application on or before August 30, 2004.

The Court's July 29, 2004, order has not been returned, and no responsive filing has been received from Plaintiff, despite the Clerk's certification that a copy of the order was

---

[1] Plaintiff submitted only a calculation sheet that had been prepared and executed by an authorized official of the incarcerating facility, and it was two months old.

mailed to Plaintiff personally the same day as entered at his last given address at the Maximum Security Unit of the ADC. This case should therefore be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4.      This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 27th day of September, 2004.

UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3